## JENKINS v. JOHNSON et al.

No. 14469— Opinion Filed Dec. 1, 1925.

Rehearing Denied Jan. 26, 1926.

**1. Mortgages—Transfers—Mortgage Passes with Note—Bona Fide Purchasers.**

Where a promissory note is secured by real estate mortgage, the mortgage is not the subject of transfer independently of the debt which it secures, but the mortgage automatically passes with the transfer of the note and shares the same immunity from defense in the hands of purchasers in good faith for value and before maturity as the note itself.

**2. Same.**

The purchaser of a promissory note secured by a real estate mortgage, before maturity, in good faith and without actual notice of any defect in the title of the transferrer, takes good and valid title thereto.

**3. Bills and Notes—Bona Fide Purchasers —Constructive Record Notice of Defects of Title.**

The purchaser in good faith and for value of underdue negotiable paper is not chargeable with constructive record notice of defects and infirmities in the title of the transferrer not apparent on the face of the instrument, the true test in such cases being the presence or absence of bad faith.

**4. Same.**

Mere failure to follow constructive record notice of defect in the title of the transferrer of a promissory note does not amount to bad

faith within the meaning of section 4106, Revised Laws of Oklahoma, 1910.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division, No. 1.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by May Rice Jenkins against J. W. Johnson et al. Judgment for defendants, and plaintiff appeals. Affirmed.

E. C. Stanard and C. H. Ennis, for plaintiff in error.

Everest, Vaught & Brewer and A. A. McDonald, for defendants in error.

Opinion by RAY, C. November 1, 1915, W. B. Bannister executed his note in the sum of $1,200 to Aurelius-Swanson Company of Oklahoma City, and to secure its payment executed a mortgage on certain land in Choctaw county. Aurelius-Swanson Company sold and assigned the note and mortgage to May Rice Jenkins of Chicago. The assignment of the mortgage was duly recorded.

In 1918, J. W. Johnson and M. W. Workman bought the land from Bannister and assumed payment of the indebtedness In 1920, when the note became due, the Aurelius-Swanson Company took a renewal note and mortgage from Johnson and Workman in the sum of $1,200. Instead of sending the note and mortgage to May Rice Jenkins, as they were instructed to do, the Aurelius-Swanson Company forwarded them to Henry Spelman, a note broker of Freeport, Ill., for sale. Spelman sold the note to one Wubena of Chicago for its face value and sent his check for the amount of the note, less $30 commission, to Aurelius-Swanson Company, who credited the amount on their books to the account of May Rice Jenkins. Something like a year later, Spelman, learning that the records showed that the assignment of the mortgage to May Rice Jenkins had not been discharged, and that there would probably be some controversy over the matter, bought the note and mortgage from Wubena by substituting with him another note and mortgage. When May Rice Jenkins learned that the renewal note had been sold to Spelman, she commenced this suit against Johnson and Workman for judgment on her note and foreclosure of her mortgage. She made Henry Spelman a party defendant, and, as a second cause of action, alleged that he claimed some interest by virtue of a mortgage executed by Johnson and Workman November 10, 1920, in the sum of $1,200, payable to Aurelius-Swanson Company, which mortgage had been assigned of record to Henry Spelman, and alleged

that whatever right or interest Spelman had by virtue of the mortgage was inferior and junior to her mortgage. She further alleged that prior to November 10, 1920, the defendants Johnson and Workman owing to her the mortgage executed by Bannister, and desiring to renew the note and mortgage, she, plaintiff, authorized the Aurelius-Swanson Company, as her agent, to take from Johnson and Workman a new note and mortgage for the sum of $1,200 due five years from date; that the Aurelius-Swanson Company did take a new note and mortgage from Johnson and Workman November 10, 1920, in renewal of and for the satisfaction of the mortgage executed by Bannister, as she was informed and believed. She further alleged that Johnson and Workman claimed that the mortgage executed by them November 10, 1920, to the Aurelius-Swanson Company was executed for the purpose of renewing and satisfying the mortgage executed by Bannister. She then alleged that the Aurelius-Swanson Company thereafter transferred and assigned to Henry Spelman the mortgage executed by Johnson and Workman, and that if the mortgage was taken as a renewal mortgage and in satisfaction of the mortgage executed by Bannister, then the mortgage so taken was the property of the plaintiff immediately on its execution, but if, on the other hand, the mortgage was taken by the Aurelius-Swanson Company, not as a renewal or in satisfaction of the Bannister mortgage, and Johnson and Workman actually received from the Aurelius-Swanson Company a consideration, then the plaintiff, May Rice Jenkins, had no title or interest in or to it. She then alleged that the mortgage executed by Bannister, of which she was the holder and owner, had never been released of record, and that Spelman, in taking the assignment of the mortgage, took it with the record notice of the fact that plaintiff's mortgage executed by Bannister was unsatisfied, and that on such notice as given by the record, if Spelman had made inquiry of the rights of the plaintiff, he would have discovered that the mortgage executed by Johnson and Workman was made for the purpose of renewing the Bannister mortgage, of which she was holder and owner. She alleged that the assignment from the Aurelius-Swanson Company to Henry Spelman was not made and taken in good faith by Spelman as an innocent purchaser for value. She further alleged that the Aurelius-Swanson Company had no authority to sell and deliver the note and mortgage to Henry Spelman, and that the only authority the Aurelius-Swanson Company had was to take from Johnson and Workman a new mort-

gage for the purpose of renewing the Bannister mortgage, and then to send the renewal note and mortgage to the plaintiff. She prayed for judgment on her note and for foreclosure of the mortgage if the court should find from the evidence that she was entitled to a foreclosure, but if the court should find that she was not entitled to judgment and foreclosure, then that the assignment of the note and mortgage to Spelman be set aside and held for naught, and that she be adjudged to be the owner and subrogated to all the pretended rights of Spelman.

By their answer Johnson and Workman alleged that the second note and mortgage were executed as a renewal, and that the Aurelius-Swanson Company was duly authorized as agent for plaintiff to take the renewal, and prayed for the cancellation of the note and mortgage held by the plaintiff.

Henry Spelman answered by general denial and an admission that he did claim ownership of the note and mortgage executed by Johnson and Workman, and then alleged, in substance, that the note and mortgage were executed by Johnson and Workman for valuable consideration and for the face value thereof; that the Aurelius-Swanson Company, in due course of business, before maturity, sold and delivered the instruments to Wubena without any notice or knowledge upon the part of Wubena of any infirmity in the title, and, thereafter, in due course of business, for valuable consideration, before maturity, Wubena sold and assigned the note and mortgage to him. Spelman further alleged that the Aurelius-Swanson Company was the agent of the plaintiff and empowered to collect the principal, and to satisfy the indebtedness, and that the Aurelius-Swanson Company, acting on behalf of the plaintiff, as her agent, took the note and mortgage from Johnson and Workman as a renewal, and, acting as agent for plaintiff, transferred the same to Henry Wubena for the purpose of obtaining money for the use of the plaintiff; that Wubena had no knowledge or notice of such breach of trust; that he took the note and mortgage in full reliance upon the representation of the Aurelius-Swanson Company that the same constituted a first mortgage upon the premises. By proper reply of the plaintiff issues were joined. At the close of the evidence the court discharged the jury and entered judgment canceling the note and mortgage executed by Bannister, and held by the plaintiff, and entered judgment in favor of the defendant Spelman. May Rice Jenkins appealed.

The contention of the plaintiff in error is that there was sufficient evidence to go to the jury, and that the court erred in taking the case from the jury and entering judgment for Spelman. No question is raised as to the cancellation of the note and mortgage executed by Bannister and held by plaintiff. The contention appears to be that the mortgage executed by Bannister to Aurelius Swanson Company and the assignment from the Aurelius-Swanson Company to the plaintiff, May Rice Jenkins, being unreleased of record, was notice to Wubena and Spelman of the infirmity of the Aurelius-Swanson Company's title, and that Spelman had knowledge of the rights of May Rice Jenkins before he purchased the note and mortgage from Wubena.

There is no conflict of evidence. It is conclusive, as pleaded by plaintiff, that Aurelius-Swanson Company was authorized, as her agent, to take a renewal mortgage from Johnson and Workman; that after the renewal and mortgage had been executed and delivered, the Aurelius-Swanson Company sold them to Wubena, or Spelman, with the apparent intention of defrauding the plaintiff. In any event, that was the effect of the transaction. The only evidence of the good or bad faith of Wubena and Spelman is the testimony of Spelman. His testimony was that he was a note broker in Freeport, Ill., and that he handled a number of mortgages of the Aurelius-Swanson Company; that he usually sold the notes before transmitting to the Aurelius-Swanson Company, but in some transactions he sent his check on receipt of the note and mortgage. He testified that he sold the note and mortgage to Wubena without any knowledge on the part of Wubena of any defect in the title of the Aurelius-Swanson Company; that when he learned that it was a renewal note and mortgage and that the original mortgage and assignment had not been released of record, and that the holder of the original note and mortgage claimed some interest, he bought them back from Wubena for the purpose of saving his client trouble, expense, and possible loss

The note bore the following indorsement:

"For value received —— hereby assign and transfer the within note, together with all my right, title, and interest in and to the mortgage deed securing the same to —————————— without recourse. February 26, 1921.

"Aurelius-Swanson Co., Inc.

"E. L. Aurelius, President."

It is contended on the part of May Rice Jenkins that the registration of the mortgage and assignment constituted construc-

tive notice of plaintiff's ownership, while it is contended by Spelman that the case is controlled by the Negotiable Instruments Law and not by the registration law.

The identical question was before this court in the case of Foster v. Augustana College and Theological Seminary, 92 Okla. 96, 218 Pac. 335. In that case the note and mortgage had been left with the Aurelius-Swanson Company for safekeeping, and, in fraud of their client's rights, the Aurelius-Swanson Company disposed of them. The note and its indorsement are identical in form with the note and indorsement in this case. The syllabus in that case is as follows:

"1. A promissory note, though secured by a real estate mortgage, is still negotiable paper and imparts its negotiable character to the mortgage and brings both within the purview of the statutes relating to commercial paper; and where a promissory note is secured by real estate mortgage, the mortgage is not the subject of transfer independently of the debt which it secures, but the mortgage automatically passes with the transfer of the note and shares the same immunity from defense in the hands of purchasers in good faith for value and before maturity as the note itself.

"2. The purchaser of a promissory note secured by a real estate mortgage, before maturity, in good faith and without actual notice of any defect in the title of the transferrer, takes good and valid title thereto, notwithstanding the fact that the ownership of said note and mortgage was vested in another, and transfer made fraudulently by the transferrer and in breach of a trust relation with such other person.

"3. The purchaser in good faith and for value of underdue negotiable paper is not chargeable with constructive record notice of defects and infirmities in the title of the transferrer not apparent on the face of the instrument, the true test in such cases being the presence or absence of bad faith.

"4. Mere failure to follow constructive record notice of a defect in the title of the transferrer of a promissory note does not amount to bad faith within the meaning of section 4106, Revised Laws of Oklahoma 1910."

The evidence showed conclusively that the note and mortgage in controversy came into the hands of Wubena and Spelman without actual notice of the defect in title of the Aurelius-Swanson Company. There being no evidence tending to show bad faith on the part of either Wubena or Spelman, no question of fact was presented for the consideration of the jury.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 387, § 573; 27 Cyc. pp. 1286, 1287, § 1325. (2) 27 Cyc. p. 1312. (3) 8 C. J. pp. 502, § 710; 518, §729. (4) 8 C. J. p. 518, § 729.