**WEYL v. SMITH et al.**

No 17482—Opinion Filed Feb. 7, 1926.

Rehearing Denied March 8, 1927.

(Syllabus.)

1. **Principal and Agent—Mortgages—Payment to Mortgagee as Agent of Mortgagor and not of Assignee of Mortgagee.**

Where S. employed a loan company to procure a loan, receive and forward interest and principal to the holder thereof as his sole agent, and the loan company sold the mortgage and note to W., and with the assignment of the mortgage and note the loan company delivered a certificate of guarantee, wherein the loan company agreed to collect the principal and interest free of charge and forward to W., and S., before the note became due, caused the same to be paid to the loan company, without the knowledge of W., and where S. did not know of the guarantee contract at the time the payment was made, and the loan company went into the hands of a receiver, and the money was never forwarded to W., held, that the loan company was the agent of S. in accepting said money and not the agent of W.

2. **Mortgages—Payment to Mortgagee not Binding on Assignee of Mortgage in Possession of Note.**

Payment of a negotiable note, secured by a mortgage, by the mortgagor, when made to the mortgagee not in possession of the note and mortgage, is not binding upon the assignee thereof before maturity, who has possession of the papers at the time of payment, unless he had expressly or impliedly authorized such payment.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Bertha P. Weyl against Laura A. Smith et al., on promissory note and to foreclose a real estate mortgage. Judgment for defendants, and plaintiff brings error. Reversed, with directions.

E. C. Stanard, M. L. Hankins, and Kent V. Gay, for plaintiff in error.

W. H. Fuller, Geo. M. Porter, J. L. Fuller, and C. H. Ewald, for defendants in error.

HEFNER, J. In discussing this case we shall designate the parties as they appeared in the court below; that is, we shall designate plaintiff in error, Bertha P. Weyl, as plaintiff, and the Kansas City Joint Stock Land Bank, of Kansas City, Mo., defendant in error, as defendant.

On March 25, 1925, plaintiff filed her petition in the district court of Pittsburg county, Okla., against Laura A. Smith et al. The suit was upon a promissory note, originally given by the defendants Laura A. Smith and M. J. Smith to the Conservative Loan & Trust Company, in the sum of $5,000, with interest and attorneys' fees, and for the foreclosure of a real estate mortgage on certain lands in Pittsburg county, given as security for said note. The note was dated February 21, 1922, and was due February 21, 1932. The defendant Kansas City Joint Stock Land Bank filed its separate answer, in which it denied that plaintiff was entitled to judgment, and alleged that the $5,000 note had been fully paid by it, and that on the 1st day of March, 1925, it made a loan upon the land in controversy in the sum of $7,500, and thereafter on behalf of Laura A. Smith and M. J. Smith paid to the Conservative Loan & Trust Company at Shawnee, Okla., the sum of $6,459.72, payment in full of the $5,000 note. The case was tried before a jury, and at the close of the testimony the plaintiff moved the court for an instructed verdict, and a similar motion was offered on behalf of the defendant. The court sustained the motion of the defendant and instructed a verdict in its favor.

On May 26, 1923, the defendant mailed to the Conservative Loan & Trust Company a check in payment of the $5,000 note with accrued interest and three months' additional interest. On the 13th day of July, 1923, the Conservative Loan & Trust Company went into the hands of a receiver, and the money in payment of this note was still in its possession.

The question in this case is; Was the Conservative Loan & Trust Company the agent of the plaintiff or the defendant in accepting payment?

In determining whose agent the Conservative Loan & Trust Company was in accepting payment of the note, it is necessary to consider certain facts, and we will state them as briefly as we can. The loan was originally made to Laura A. Smith and her husband, two of the defendants in this case.

At the time the loan was made the Smiths employed the Conservative Loan & Trust Company as their agent. The contract of agency is as follows:

"To Conservative Loan & Trust Company, Shawnee, Okla.

"I hereby employ you as my agent: To negotiate and procure for me a loan of $5,000, for 10 years, to bear interest at the rate of 7 per cent. per annum, payable annually, on the 1st day of March of each year, and as a matter of convenience and to facilitate the procuring of such loan for me you may exercise your option of taking the note and mortgage either in your name, or in that of the person furnishing the money; said loan is to be secured by a first mortgage on the lands hereinafter described with the principal made payable wherever you or the lender may designate, and I agree to execute such notes, coupons and mortgages as may be furnished, etc.

"I hereby agree to pay the sum of $1,000 as compensation for services rendered and to be rendered by you in negotiating this loan, in inspecting the security offered by me for the same, in preparing all papers necessary to be executed by me to obtain said loan, in notifying me or the future owners of said land when the interest and principal of said loan shall mature, in collecting the interest and principal on the said loan, without incurring any obligations or liability, however, on your part because of your failure to do so, and for remitting the interest and principal to the owner of said mortgage in New York exchange, and for guaranteeing to the purchaser of said mortgage, or the lender, the truthfulness of all statements made by me in my application for said loan, etc.

"The agency herein created and all authority conferred hereby, shall be and remain irrevocable until said loan is fully paid; and in the procuring of such loan, in collecting, receiving and forwarding interest and principal to the holder thereof, you are acting as my agent solely."

The mortgage and note was sold to the plaintiff, a resident of New York. Ralph H. Poole of Chicago, a brother of plaintiff, acted as her agent in purchasing the note and mortgage. At the time the plaintiff purchased the note and mortgage the Conservative Loan & Trust Company delivered, along with the other papers in the transaction, a certificate of guarantee, which is as follows:

"Certificate of Guarantee.
"Conservative Loan & Trust Company.
"Loans
"Shawnee, Oklahoma.
"To_____, or Assignee:
"In connection with loan No. 14241, made

to Laura A. Smith, and husband, M. J. Smith, for $5,000 secured by first mortgage on certain lands in Pittsburg county, Okla., which you recently purchased from us, we hereby, in consideration of such purchase, certify as follows:

"I. That the title to the property is fully vested in the mortgagof with the above mortgage a first lien of record.

"2. The truthfulness of all material facts set forth in our examiner's report.

"3. That all papers are made in due form and in accordance with the laws of the state of Oklahoma.

"4. That no loss shall occur by reason of nonpayment of taxes or other liens.

"5. That we shall attend to the collection of principal and interest free of charge and remit therefor as soon as collected.

"6. That we will watch over and look after the loan until it shall have been fully paid.

"7. That for a breach of any of the above conditions we bind ourselves to repurchase the loan on demand and pay in addition all expenses incurred.

"In the event of foeclosure, same to be made without cost to you.

"Dated at Shawnee, Okla., this 11th day of July, 1922.    Conservative Loan & Trust Company."

We have carefully considered the entire record, and have come to the conclusion that under all the circumstances the Conservative Loan & Trust Company was acting as the agent of defendant when the money was paid to it.

At the time defendant paid the money to the Conservative Loan & Trust Company neither it nor the Smiths knew of the certificate of guarantee. They knew nothing of it until about 15 months after the payment was made. Nowhere in the record does it appear that the Conservative Loan & Trust Company held itself out to the defendant as the agent of the plaintiff.

When the defendant made the payment, it was not on the theory that the Conservative Loan & Trust Company was the agent of the plaintiff for the purpose of receiving the money and forwarding it to her. This must be true because about 15 months after the loan company was in the hands of the receiver, the defendant filed a sworn claim with the receivers of the loan company wherein it is stated that on May 26, 1925, the Kansas City Joint Stock Land Bank forwarded to the Conservative Loan & Trust Company the sum of $6,459.72 by request and on behalf of Milton J. Smith, to satisfy the mortgage given by said Smith to the Conservative Loan & Trust Company; that said money was received by the loan company for the above purpose, but the said mortgage was not satisfied and the money was used by the loan company; that the money was paid to the loan company for the special purpose of taking up the Milton J. Smith loan, and the claimant asked that said claim be treated and paid as a preferred claim and the proceeds applied in satisfaction of said mortgage for which said money was paid to and received by the loan company. Claim was made for the amount with interest at six per cent. from May 26, 1923. This shows clearly that at the time the payment was made to the loan company the defendant did not know of the certificate of guarantee or the contents thereof, and the payment was therefore made by the defendant for and on behalf of the Smiths as is stated in both its answer and in the claim filed with the receivers. In addition to this, Mr. C. W. Ewald, counsel for the defendant Kansas City Joint Stock Land Bank, testified that when this money was paid to the Conservative Loan & Trust Company, it was paid for and on behalf of Mr. and Mrs. Smith, and that the defendant was acting as the agent of Mr. and Mrs. Smith in making such payment. He further testified that at the time of the making of the payment, he, as counsel for the defendant, had an abstract to the land and saw therein the assignment of the mortgage to the plaintiff, and, furthermore, that H. D. Parsons, of McAlester, Okla., through whom the defendant made its loan, had called their attention to this assignment and advised them that it was of record.

The Smiths were bound by the agency contract. The Kansas City Joint Stock Land Bank, which acted as the agent of the Smiths and for them in making the payment, was also bound by it.

The record shows that on May 26, 1923, the defendant sent a check for $6,459.72 to the Conservative Loan & Trust Company and requested abstract and canceled papers and release of mortgage, and on May 28, 1923, the loan company by letter acknowledged receipt of the check in payment of the loan and stated that release and canceled papers would be mailed as soon as received.

On the day the loan company received the money from defendant it wrote to Ralph H. Poole, agent of the plaintiff, and asked his best release terms and suggested the acceptance of the principal, accrued interest, and three months bonus. In answer to this let-

ler the agent wrote and stated that he did not see how he could go to the owner of the loan and present these terms and get a satisfactory answer, as the loan was a new loan and ran for nine years at seven per cent., and that it would be necessary to reinvest the proceeds at six per cent. and probably not get as good a loan. Now this correspondence went on after the loan company had the money in its possession. It shows clearly that it was not acting as the agent of the plaintiff, but was acting as agent of the defendant. The loan company did not state to Mr. Poole that it already had the money in its possession. Mr. Poole would not agree to the terms of release as suggested by the loan company. The letter also shows that Mr. Poole did not consider that he had authority to collect this note before it was due. This note was negotiable and was paid long before it was due.

In the recent case of Drew v. Anderson-Clayton et al.. 120 Okla. 250, 252 Pac. 64, this court in the fourth paragraph of the syllabus said:

"Payment of a negotiable note, secured by a mortgage, by the mortgagor or his grantee, when made to the mortgagee not in possession of the note and mortgage, is not binding upon the assignee thereof before maturity, who had possession of the papers at the time of payment, unless he had expressly or impliedly authorized such payment."

At the time the defendant sent the money to the loan company the note and mortgage were in the possession of Mr. Poole in Chicago, and were not in the possession of the loan company. The note was not due at that time and there was no way to force the plaintiff to accept payment of the same. In his letter of May 31, 1923, to the loan company, Mr. Poole said:

"I do not see how I can go to the owner of this loan and present these terms and get a satisfactory answer, as the loan is a new loan and runs for nine years at seven per cent. I would have to reinvest the proceeds at six per cent. and probably not get as good a loan."

This letter shows that Mr. Poole did not have authority to accept payment of this loan before it was due. The record shows that Mr. Poole made a great many loans for the plaintiff. It does not show that he ever received payment on any loan before it was due. The fact that he may have had authority to make loans does not give him authority to receive payment of the loans before they are due, unless that authority

is given to him. If he did not have authority to receive payment of the note before it was due, he, of course, could not delegate it to the loan company.

However, conceding that the certificate of guarantee was a binding agency contract on the plaintiff and gave the loan company authority to collect the note before it was due, still the evidence is not sufficient to warrant a judgment for the defendant, because it paid the money to the loan company as the agent of the Smiths, and it is therefore bound by that agency contract. As has been stated, the defendant did not know for many months after the money was paid that the guarantee contract was in existence. The loan company was not held out as the agent of the plaintiff. We think the evidence clearly establishes the fact that the defendant paid the money to the loan company under the Smith contract of agency for the purpose of forwarding it to the owner of the note and mortgage for and on behalf of the Smiths.

It is therefore ordered that the judgment of the trial court be reversed, and the cause remanded, with instructions to render judgment for the plaintiff and to foreclose her mortgage.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 2 C. J. p. 448, §45 (Anno); p. 956, §727. (2) 8 C. J. 598, §835; 41 C. J. p. 700, §720. See under (1, 2) anno. 23 L. R. A. (N. S.) 414: L. R. A. 1916B, 860; 21 R. C. L. p. 869; 3 R. C. L. Supp. p. 1199.