## MONROE et al. v. KITTERER.

No. 17578.　　Opinion Filed Oct. 25, 1927.

(Syllabus.)

1. Principal and Agent—Payments on Note —Payee Held not Agent of Purchaser but of Makers of Note.

The plaintiff purchased a note from a local broker who was the local agent of the Conservative Loan & Trust Company. As the interest coupons came due the defendants paid the same to the Conservative Loan & Trust Company, who in turn forwarded the amount to its local agent, who notified the plaintiff, and, upon receiving the notice, the plaintiff took the coupons to the office of the local broker, who issued his check to the plaintiff for the coupons. The plaintiff canceled the coupons and delivered them to the local broker, who returned them to the Conservative Loan & Trust Company, and the company delivered them to the defendants. The defendants also paid to the Conservative Loan & Trust Company $80 on the principal of the note before it was due, which amount was never forwarded to the plaintiff. Held, that the Conservative Loan & Trust Company was not the agent of the plaintiff, but the agent of the defendants.

2. Bills and Notes—Payment Before Maturity to Other than Holder at Payer's Risk.

Payment of a negotiable note before maturity to any one other than the holder thereof, or his duly authorized agent to receive such payment, is at the risk of the payer.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Fred J. Kitterer against W. W. Monroe and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Counts & Counts and C. C. Null, for plaintiffs in error.

E. C. Stanard, M. L. Hankins, and Kent V. Gay, for defendant in error.

HEFNER, J. Fred J. Kitterer, defendant in error, plaintiff below, sued W. W. Monroe and wife, plaintiffs in error, defendants below, to recover the principal sum of $2,190 due on a promissory note executed by the defendants in favor of the Conservative Loan & Trust Company and to foreclose a real estate mortgage given to secure the payment of said note.

The due date of the note was July 1, 1926. The note was purchased by the plaintiff before maturity in the due course of business and for a valuable consideration. His assignment of the mortgage was duly recorded in Pittsburg county, being the county in which the land in controversy is situated. The plaintiff lived in Burlington, Wis., and purchased the note from a local loan broker named Bushman. Bushman was the local agent for the Conservative Loan & Trust Company.

As the interest coupons came due, the defendants paid the same to the Conservative Loan & Trust Company, who in turn forwarded the amount to Bushman, their local agent in Burlington, Wis., who notified the plaintiff, and, upon receiving the note, the plaintiff took the coupons to the office of Bushman, who issued his check to the plaintiff for the coupons. The plaintiff canceled the coupons and turned them over to Bushman, who returned them to the Conservative Loan & Trust Company, and in turn this company delivered them to the defendants.

Not only did the defendants pay the interest coupons, but they paid $800 on the principal of the note. This amount was paid to the Conservative Loan & Trust Company long before the note was due. The Trust Company never remitted the $800 to its agent in Burlington. The defendants con-

tend that the Trust Company was at all times the agent of the plaintiff, and when they paid the $800 to the Trust Company it was a payment to the plaintiff.

After the evidence was all in, the trial court held that there was no evidence whatever to show that the Trust Company was the agent of the plaintiff and instructed the jury to return a verdict for the plaintiff. From that judgment the defendants have appealed here.

Was the Trust Company the agent of the plaintiff or defendants? This is the principal question to be determined in this case. The defendants urge that the trial court erred in holding that the testimony of the defendants did not raise an issue of fact as to agency to be submitted to the jury, and in sustaining a demurrer to the defendants' evidence, and in directing the jury to return a verdict for the plaintiff.

To establish the agency between plaintiff and the Trust Company the defendants rely upon a letter written to them by the plaintiff long after the Trust Company had gone into the hands of a receiver. The letter is as follows:

"Laurel Miller,
"Hartshorne, Oklahoma.

"Dear Sir:

"As yet I have not received the intreest of one hundred and twenty ($120) dollars due Nov. 1, 1923, on the mortgage I hold against your farm. I have been informed that the Mortgage & Loan Association that has been attending to these affairs is not running just the way it should and thought possibly you might prefer doing business direct with me which would save you any extra charge for the Loan Co. collecting this interest as heretofore and would cost you only the straight six per cent. interest.

"I would like to hear from you as to how matters stand and what you think about this.

"Yours very truly,"

This is the only communication that ever passed between plaintiff and defendants.

The trial judge in passing upon the evidence, among other things, said:

"Now, here I have a proposition where a man goes to a broker in his own city and buys a note. That is the undisputed evidence; he goes and buys a note with the coupons attached to it and the only evidence I have of him doing anything else is to take these coupons to this broker and collect his interest and to write one letter. * * * Now, as to this letter, I cannot see it is an admission of anything. He doesn't say

who this Conservative Loan Company, if he referred to the Conservative Loan Company, was acting for; he said they had been handling it, but didn't say 'handling it for me' or 'handling it for you.' There is nothing in there that I think would be an admission that they were his agents."

The evidence shows that the money was paid by the defendants to the Trust Company, and the company in turn sent it to its loan agent at Burlington, who in turn notified the plaintiff, whereupon the plaintiff took the coupons to the office of the local agent, received the payment from him, canceled the coupons, turned them over to him, and he sent them to the Trust Company. The coupons were never turned over to Bushman, the local agent, for collection.

Under this state of the record we think the court was correct in holding that the testimony did not raise an issue of fact on the question of agency to be submitted to the jury.

Again, the $800 payment was paid to the Trust Company long before the note was due. The assignment of the mortgage in favor of the plaintiff was of record and the defendants were charged with notice that the plaintiff was the owner of the note.

In the case of Chase v. Commercial Trust Co., 101 Okla. 182, 224 Pac. 148, this court, in the fourth paragraph of the syllabus, said:

"Payment of a negotiable note before maturity to any one other than the holder thereof, or his duly authorized agent to receive such payment, is at the risk of the payer."

The defendants having failed to establish the fact that the Trust Company was the agent of the plaintiff, when they made the payment to the Trust Company, it was at their risk.

The defendants next urge that the trial court committed error in overruling their amended motion for a new trial on the grounds of newly discovered evidence. We have examined the same, and do not think the court committed error in overruling the motion.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 2 C. J. p. 954, §727. (2) 8 C. J. p. 593. §828; p. 603. §840: 3 R. C. L. p. 1287; 1 R. C. L. Supp. p. 1023.