## CHASE v. COMMERCE TRUST CO. et al.

No. 18334. Opinion Filed Sept. 11, 1928.

(Syllabus.)

1. **Mortgages—Payment of Secured Negotiable Note to Mortgagee Not Binding on Assignee in Possession of Note and Mortgage.**

Payment of a negotiable note, secured by a mortgage, by the mortgagor or his grantee, when made to the mortgagee not in possession of the note and mortgage, is not binding upon an assignee thereof before the maturity, who had possession of the note and mortgage at the time of payment, even though such assignee failed to place his assignment of record, unless he had expressly or impliedly authorized such payment.

2. **Same—Subsequent Mortgagee Held Not Good Faith Incumbrancer Protected by Record—Assignee Not Estopped to Deny Mortgagee's Agency to Collect Debt.**

Same as paragraph 6 of the syllabus in the case of Chase v. Commerce Trust Company, 101, Okla. 182, 224 Pac. 148.

Commissioners' Opinion, Division No. 2.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by the Commerce Trust Company against Jim Osborne, Frank H. Chase, and others, to recover on a promissory note and for foreclosure of mortgage. Judgment for plaintiff, and defendant Frank H. Chase appeals. Reversed and remanded, with directions.

See, also, 101 Okla. 182, 224 Pac. 148.

E. C. Stanard and M. L. Hankins, for plaintiff in error.

Hatchett & Ferguson and Hayes & Hayes, for defendants in error.

HERR, C. It appears that on the 2nd day of April, 1917, J. M. Finch and Vader Finch, they then being the owners of 150 acres of land situate in section 21, township 7 north, range 7 east, Bryan county, Okla., borrowed from Aurelius-Swanson Company the sum of $2,000 and executed to the said company their note therefor, and to secure the same mortgaged the above-described premises. This note and mortgage were, before maturity, purchased by H. B. Chase, who took an assignment of the mortgage from Aurelius-Swanson Company, but failed to place such assignment of record. Sometime after the purchase of said note and

mortgage, H. B. Chase died, and, in the settlement of his estate, his son, Frank H. Chase, one of the defendants and cross-petitioner herein, became the owner thereof.

Sometime after the execution of the above note and mortgage, Mr. and Mrs. Finch sold and conveyed the mortgaged premises to Jim Osborne, who assumed and agreed to pay the note. On November 1, 1920, Jim Osborne and wife secured a new loan on the premises in the sum of $3,200 from plaintiff herein, Commerce Trust Company, and executed their note and mortgage on said premises to secure the payment thereof. At the time this new loan was consummated by the Osbornes, the old note and mortgage given by J. M. and Vader Finch to Aurelius-Swanson Company had not yet matured, and the mortgage securing the same was still in full force and effect, was properly placed of record in Bryan county, and constituted a first lien against the premises. The assignment above mentioned was, however, at this time not placed of record. In closing this loan transaction with the Osbornes, the Commerce Trust Company paid Aurelius-Swanson Company the amount due on the Finch note and mortgage, and a release of the same was executed by Aurelius-Swanson Company and placed of record.

At the time of the execution of the $3,200 note and mortgage by the Osbornes to the Commerce Trust Company, they also executed a commission note in the sum of $960, and gave a second mortgage to secure the same. This suit is brought by the Commerce Trust Company to recover on this commission note and to foreclose the second mortgage given to secure the same.

Frank H. Chase filed his cross-petition claiming under the Finch note and mortgage purchased from Aurelius-Swanson Company, claiming as a bona fide purchaser, and prayed for foreclosure of his mortgage, and that the same be declared prior and superior to the mortgage of the Commerce Trust Company.

At the request of the Commerce Trust Company, the case was submitted to a jury upon the sole question as to whether or not Aurelius-Swanson Company was acting as the agent of Chase in the collection of the $2,000 Finch note and mortgage. The jury found this issue in favor of the Commerce Trust Company and against the cross-petitioner, Chase, and, upon this finding, the trial court entered judgment, canceling the Finch note and mortgage. To reverse this judgment, cross-petitioner, Chase, appeals to this court.

This is the second appeal. At the former trial, the Commerce Trust Company also prevailed, the judgment, however, being reversed by this court on appeal. Chase v. Commerce Trust Co., 101 Okla. 182, 224 Pac. 148. It is there held that Chase was a bona fide purchaser, and that the evidence was insufficient to establish that Aurelius-Swanson Company was the agent of Chase in the collection of the Finch note and mortgage. The court, in rendering the opinion, at page 187, says:

"It must be remembered that Finch had constituted and appointed Aurelius-Swanson Company his agent to forward to the holder of the notes the interest thereon as the same became due—Chase had in his possession this appointment, and had a right to rely thereon in accepting the interest from or through Aurelius-Swanson Company. It is not claimed that Chase ever constituted Aurelius-Swanson Company his agent for collection of the interest, to say nothing of the principal, or that he ever did anything to lead Osborne or the trust company to believe that it was his agent for any purpose, and even though he had authorized it to collect the interest, this would not imply authority to receive the principal unless the agent had possession of the note and mortgage. So, if Chase retained possession of the note and mortgage, but had actually authorized his agent to collect the interest, the agent had no authority to receive the principal, and payment thereof to the agent who fails to account for it to his principal is not a payment and discharge of the principal debt."

The same state of facts as above set forth are disclosed by the record on this appeal. Finch, by his written application for the loan, appointed Aurelius-Swanson Company as his agent to forward to the holder of the note the interest thereon as the same became due. This written application, while not conclusive, establishes at least prima facie that Aurelius-Swanson Company was acting for Osborne and not for Chase in the collection of the interest. Of course, it might have been shown by the Commerce Trust Company that the terms of this contract were waived or abrogated (Green v. Struble, 122 Okla. 219, 253 Pac. 1010), but this it failed to do. The only evidence introduced by the plaintiff trust company tending to establish that Aurelius-Swanson Company was acing as the agent of Chase in collection of the Finch note and mortgage was that three interest payments thereon were

made direct to Jilson, the admitted agent of Aurelius-Swanson Company, and by him deposited to the credit of Chase in the Third National Bank of Rockford, Ill., at which bank the interest coupons were left by Chase for collection, and that interest payments on several other loans purchased by Chase from Aurelius-Swanson Company were made in like manner. This evidence is wholly insufficient to estabish such agency. Monroe v. Kitterer, 127 Okla. 212, 260 Pac. 479. The evidence discloses that Chase was at all times in possession of the note and mortgage; was the holder in due course and for value. The note was negotiable. It was paid by the Commerce Trust Company, as the agent of Osborne, to Aurelius-Swanson before maturity. This payment was, therefore, made at the risk of the payer. Monroe v. Kitterer, supra; Winnebago State Bank v. Hall, 127 Okla. 215, 260 Pac. 497; Weyl v. Smith, 122 Okla. 216, 253 Pac. 982.

The contention that the Commerce Trust Company is an innocent purchaser for value is fully answered by the opinion of this court on the prior appeal. Chase v. Commerce Trust Co., supra.

Judgment should be reversed, and the cause remanded, with directions to render judgment in favor of the cross-petitioner, Frank H. Chase, for the amount due on the promissory note sued upon, for foreclosure of his mortgage, and decreeing the same to be prior and superior to the mortgage of the Commerce Trust Company.

TEEHEE, FOSTER, DIFFENDAFFER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 41 C. J. p. 699, §720.