### STROHEKER v. TORRENCE et al.

No. 18185. Opinion Filed Oct. 9, 1928.

Rehearing Denied Dec. 11, 1928.

Kirshner, House, Stroheker & Bennett and Kent V. Gay, for plaintiff in error.

J. G. Ralls, Allen & Jarman, and R. M. Roddie, for defendants in error.

FOSTER, C. This action involves the foreclosure of two mortgages on the same real estate, both executed by F. F. Fondren and wife and made payable to the Conservative Loan & Trust Company, one of said mortgages being for $2,500, dated November 1, 1921, and due in 10 years after date, and the other in the sum of $3,000, dated November 24, 1922, and payable 10 years after date.

The mortgage dated November 1, 1921, was assigned to Stroheker after it was recorded and before the other mortgage was executed, but the assignment was never placed of record. The other mortgage was assigned to B. J. Torrence on February 26, 1923. On February 12, 1923, the Conservative Loan & Trust Company executed a release of the first mortgage, which was filed February 24, 1923. At the trial of the case, judgment was granted in favor of F. H. Stroheker against Fondren and wife for the full amount of his mortgage, and a judgment was granted in favor of B. J. Torrence for the full amount of her mortgage.

There is no contention about the consideration for these mortgages, nor the assignment of same. The only question presented is the priority between them. A jury was waived, and the district court found that the mortgage assigned to B. J. Torrence was a superior mortgage, and from this order F. H. Stroheker appeals.

It is conceded by both parties that the transfer of a negotiable promissory note carries with it the mortgage securing said note, and therefore in this case the intervener, Stroheker, became the owner of said note and mortgage regardless of whether any assignment of said mortgage was made.

It is contended by the plaintiff in error that, since he was the legal owner of the $2,500 note and mortgage, and that at the time the release was issued by the Conservative Loan & Trust Company, said company did not have any interest therein and was not acting as an agent of the intervener, it had no authority to release said mortgage; citing in support thereof; Chase v. Commerce Trust Co., 101 Okla. 182, 224 Pac. 148;

Drew, v. Anderson, Clayton & Co., 120 Okla. 250, 252 Pac. 64.

From an examination of these cases and others similar thereto, it will be observed that in those cases it is held that the payment, before maturity, of a negotiable note and mortgage to the mortgagee, who is not in possession of the note and mortgage, does not prohibit the assignee of said note and mortgage from collecting thereon, although the assignment was not placed of record.

This doctrine is based upon the well-recognized theory that a purchaser in good faith and for value of any negotiable paper not due, is not chargeable with constructive record notice of defects and infirmities in the title of the transferor, not apparent on the face of the instrument, the true test in such case being the presence or absence of bad fair. Jenkins v. Johnson, 116 Okla. 17, 243 Pac. 178; Foster v. Augustanna College, 92 Okla. 96, 218 Pac. 335.

The two cases last quoted are relied upon by the plaintiff in error to support his contention, but in each of these cases the question of the title to the note and mortgage and payment of same was involved, while in the case at bar there is no dispute about the payment of the note, as it appears from the record and the finding of the court that neither of the notes was paid, the only question being which of the mortgages was a first lien upon the real estate. In the case at bar, therefore, we have a question that involves the interpretation of the recording laws of Oklahoma as set out in sections 5251 and 5252, C. O. S. 1921, and not the Negotiable Instruments Act.

It seems to us that the question involved in this case has been decided in the case of Chase v. Commerce Trust Co., 101 Okla. 182, 224 Pac. 148, in which case this court held that sections 5251 and 5252, supra, are sufficiently comprehensive to include the assignment of real estate mortgages, and that such assignments must be recorded to charge innocent purchasers and incumbrancers with notice thereof; and that the recording of an assignment of a mortgage covering real estate is necessary in order to protect the assignee thereof against a subsequent fraudulent discharge by the mortgagee. should the property thereafterwards pass into the hands of a bona fide purchaser relying upon such recorded discharge. However, in that case, the court, under the facts, found that the

purchaser was not bona fide, and that he had notice of the fact that the mortgage was not legally discharged and could therefore not take advantage thereof. In so far as the facts are the same, the above case was followed in Chase v. Commerce Trust Co., 132 Okla. 245, 270 Pac. 73, the same case on second appeal. See, also Shawnee State Bank v. Hoge, 131 Okla. 9, 267 Pac. 481.

The only remaining question in this case, therefore, is, whether or not B. J. Torrence was a bona fide purchaser of the mortgage. The plaintiff in error contends that the recording of an instrument, such as an assignment or release of a mortgage, is not constructive notice on a nonresident owner of commercial paper of the facts therein set out, but in this contention plaintiff fails to recognize the distinction that the recording does not show a defect in the title to the note and mortgage, but is notice as to the interest in the real estate. This is definitely held in the case of Chase v. Commerce Trust Co., supra. Plaintiff also makes the contention that there is some difference between a resident and a nonresident holder, but we have been unable to determine any distinction.

The plaintiff next contends that, according to the record in this case, the defendant in error Torrence did not rely upon the release of the mortgage. According to a letter which was written by the Conservative Loan & Trust Company to Torrence, dated February 26, 1923, in which letter it enclosed the note and mortgage involved herein, it was stated that the abstracts were being prepared, and that Torrence had selected good securities. The date of the letter and date of the assignment to Torrence being the same, it shows that she did not rely upon the record title as she had already accepted the assignment before examining the abstracts. With this contention, however, we cannot agree. There must at least be an affirmative showing that she did not rely upon the record, and we do not think the letter is sufficient. In the absence of any proof, it will be presumed that she relied upon the record.

It is next contended that, if she did rely upon the record, she knew of the outstanding loan, and therefore made the Conservative Loan & Trust Company her agents to pay off the outstanding loan held by the plaintiff in error. With this contention we cannot agree, because there is nothing in the record to show that she knew there was an

outstanding mortgage on the property at the time she accepted the assignment.

It is further contended that, under section 7643, C. O. S. 1921, no one is authorized to release a mortgage except the holder of the mortgage, and as the Conservative Loan & Trust Company was not the holder of the mortgage, it could not release the same. This question, however, we think is answered against the contention of the plaintiff by the case of Chase v. Commerce Trust Co., supra.

It is also contended by the plaintiff in error that the release itself does not follow the provisions of our statute. Section 7643, C. O. S. 1921, provides that a mortgage may be released by stating, among other things, that "payment of the debt has been made." In this case the release is worded as follows: "In consideration of the cancellation of all claims named herein, the Conservative Loan & Trust Company does hereby release; * * *" the contention being that the words, "In consideration of the cancellation of all claims named herein," is not according to the statute above quoted, and therefore the release is void and does not give any notice that the mortgage has been released. No authorities are cited for this contention, and we cannot agree that there is any merit to the same.

We have carefully examined the record in this case, and believe that B. J. Torrence was a bona fide purchaser in good faith of the mortgage, and that she took the same with record notice of the release, though fraudulently made by the Conservative Loan & Trust Company, and that, under this state of the record, she is entitled to a first and prior lien on the property.

It therefore follows that the judgment of the trial court should be and is hereby affirmed.

TEEHEE, LEACH, REID, and JEFFREY, Commissioners, concur. BENNETT, Commissioner, not participating.

By the Court: It is so ordered.