## WEISER v. DOERKSEN et ux.

No. 19028. Opinion Filed April 2, 1929.

Fred L. Hoyt, Roger L. Stephens, W. G. Hickok, and Bicking & Wilson, for plaintiff in error.

George W. Boone, E. G. Wilson, and R. C. Searcy, for defendants in error.

JEFFREY, C. On October 9, 1918, Lewis H. Rogers and Julia B. Rogers procured a loan from the F. B. Collins Investment Company of Oklahoma City in the sum of $800, and gave in exchange therefor their promissory note for that amount, due October 9, 1928, bearing interest at the rate of 6 per cent. per annum, represented by 10 coupon notes attached. At the same time, and as a part and parcel of the same transaction the borrowers executed a real estate mortgage

in favor of said loan company on 40 acres of land located in Tulsa county to secure the payment of said note and interest. On the 25th day of October, 1918, the F. B. Collins Investment Company sold and assigned the principal and interest notes and mortgage securing the same to C. J. Weiser of Decorah, Iowa, who will herein be designated as plaintiff. Sometime prior to August 17, 1920, Lewis H. Rogers and Julia B. Rogers sold and transferred, by warranty deed, the land covered by the mortgage to Julius Doerksen. Doerksen assumed the indebtedness against the land and continued to pay the coupon interest notes as they matured until the fifth note matured on the 1st day of October, 1923, at which time he defaulted. On March 25, 1925, plaintiff commenced his action against Lewis H. Rogers, Julia B. Rogers, Julius Doerksen, and Mrs. Julius Doerksen for judgment on the principal note, the unpaid interest coupons, together with interest and attorneys' fees, and to forclose the mortgage. Lewis H. Rogers and Julia B. Rogers defaulted. Julius Doerksen and wife, who will herein be referred to as defendants, answered admitting the execution of the note and mortgage, and that they had purchased the land and assumed the indebtedness; but by way of further answer alleged that on the 20th day of September, 1921, they paid the sum of $400 to the F. B. Collins Investment Company, who was agent for plaintiff, to be applied on the principal note, and that on October 1, 1922, they paid in like manner the further sum of $100 to be applied on the principal note. Defendants then tendered the sum of $321, contended by them to be the balance due after allowing credit for $500, which they claimed to be entitled to. The cause was tried to the court without a jury. All questions of fact, except one, were agreed upon and submitted to the court in the form of a written stipulation. It was agreed that defendants never knew until sometime in 1923 that plaintiff held the note and mortgage in question; that defendants and their grantors paid interest coupons 1, 2, 3, and 4 to the F. B. Collins Investment Company in response to notice received from said investment company; and that upon the payment of each of said coupons, the F. B. Collins Investment Company forwarded such coupon to the party making the payment with said investment company's stamp thereon showing payment. It was further agreed that, on September 17, 1921, the defendants paid to the F. B. Collins Investment Company the sum of $502.35, receipt of which was acknowledged by said investment com-

pany, but that the same was not forwarded to plaintiff, and that plaintiff never received said payment, and did not allow credit for it. The only question involved in the case and left for the determination of the court was whether or not the F. B. Collins Investment Company acted as agent of plaintiff in receiving the payments on the principal amount of the loan in the sum of $502.-35. The court decided this question in favor of defendants and allowed defendants credit for the amount so paid. Plaintiff has appealed and presents the single proposition that there is no evidence to support the court's finding that the investment company acted as agent of plaintiff in receiving the amounts paid on the principal.

Agency will not be presumed, but the burden is upon him who asserts agency to establish it by competent evidence the same as any other fact. This, defendants failed to do. The only evidence relating to agency is that the original borrower made one or two interest payments to the investment company, and defendants made others to the investment company up to and including coupon No. 4. These four coupons were offered in evidence bearing the "Paid" stamp of the F. B. Collins Investment Company. The evidence also shows that when interest payments were made to the investment company, that company would remit to plaintiff at Decorah, Iowa, and plaintiff would upon receipt of the remittance detach the matured interest coupon and return it to the investment company, which would in turn transmit it to defendants. There was also introduced in evidence a postcard and letter from the Collins Investment Company to defendants acknowledging receipt of the payments on the principal of the note, and stating that credit had been allowed on the note for such payments. Another letter along the same line written by the investment company to defendants' local bank was admitted in evidence. There was also admitted in evidence a letter written by plaintiff's bank at Decorah, Iowa, to defendants in September, 1923, advising defendants that the bank would thereafter attend to the collection of the principal and interest for plaintiff. Plaintiff testified that at the time he purchased the note and mortgage, he received the application of Lewis H. Rogers and Julia B. Rogers designating the F. B. Collins Investment Company as agent of the borrowers; that he never authorized said investment company to act as his agent in any particular, but that when payments were received from the investment company, he returned the matured coupon to it. The rec-

ord does not disclose whether or not plaintiff knew that defendants had purchased the land prior to September, 1923. Neither does the record show in what form the investment company forwarded the remittances for interest to plaintiff.

It is a settled rule of law that evidence of statements, declarations, and acts of the reputed agent, standing alone, are not admissible in evidence to establish the relation of principal and agent. Winnebago State Bank v. Hall et al., 127 Okla. 215, 260 Pac. 497; Ramsay, Adm'r, v. Thompson et al., 127 Okla. 257, 260 Pac. 773, and other authorities therein cited. In the Winnebago State Bank Case, and also in the case of Chase v. Commerce Trust Company et al., 132 Okla. 245, 270 Pac. 73, paid coupon notes similar to the ones in question were relied upon to establish tgency. In both cases they were held to be insufficient, and in the first-mentioned case, it is specifically pointed out that these interest coupons, in the absence of other competent evidence tending to establish the relation of principal and agent, are incompetent. It is not contended, and certainly cannot be with any degree of good faith, that the letters and cards referred to have any evidentiary value on the question. There is a total lack of any evidence in the record reasonably tending to establish the fact that the investment company was expressly or impliedly authorized to act as agent for plaintiff in the collection of the principal.

It is contended by counsel for defendants that the course of dealing established by the evidence is sufficient to show that the investment company was the ostensible agent of plaintiff, and that plaintiff is in law estopped from denying such relation. The case of International Life Insurance Company of St. Louis v. Bradley, 114 Okla. 231, 246 Pac. 222, is relied on as authority on this point. We have carefully examined that case, and are of the opinion that it does not control the instant case. There are many facts and circumstances recited in that case showing that the reputed agent did in fact at the request of the reputed principal perform related duties as the agent. In the case at bar, the evidence discloses no transaction between the investment company and plaintiff except forwarding of four interest payments by the investment company to plaintiff, and the transmittal of the paid coupons by plaintiff to the investment company. If it could be said that the investment company was agent for plaintiff for the purpose of collecting the interest, this would not alone make the investment company plaintiff's agent for the collection of the principal, the notes not being in the possession of the investment company. Chase v. Commerce Trust Co. et al., 101 Okla. 182, 224 Pac. 148; Weyl v. Smith, 122 Okla. 216, 253 Pac. 982; Chase v. Commerce Trust Co., 132 Okla. 245, 270 Pac. 73.

It appears that the note was negotiable in form, and at all times in possession of plaintiff, who was the holder thereof.

"Payment of a negotiable note, secured by a mortgage, by the mortgagor, when made to the mortgagee not in possession of the note and mortgage, is not binding upon the assignee thereof before maturity, who has possession of the papers at the time of payment, unless he had expressly or impliedly authorized such payment." Weyl v. Smith et al., 122 Okla. 216, 253 Pac. 982; Chase v. Commerce Trust Co. et al., 132 Okla. 245, 270 Pac. 73.

We conclude that there is no evidence to support the judgment of the trial court to the effect that the F. B. Collins Investment Company was expressly or impliedly authorized to act as agent for plaintiff in the collection of the principal of the note. Neither are the facts such as will estop plaintiff from denying the relation of principal and agent. This being true, the judgment of the trial court allowing defendant credit for the amount paid on the principal to the investment company, without the knowledge and consent of plaintiff, was error.

The trial court awarded judgment against Lewis H. Rogers and Julia B. Rogers for the full amount asked in the petition, that is, $848, with interest thereon at the rate of 10 per cent. from October 2, 1923, together with $9.25 expense incurred for abstract, an attorney's fee of $100, and for foreclosure of the mortgage. The judgment against defendants should be for the same amounts, except the attorney's fee, which was agreed upon as to defendants at $50. The judgment of the trial court is therefore reversed with directions to the trial court to enter judgment for plaintiff as hereinabove indicated.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.