## KEIG v. LAWSON et al.

No. 19104. Opinion Filed June 18, 1929.

Kirshner, House, Stroheker & Bennett and McKeown & Green, for plaintiff in error.

R. J. Roberts, for defendants in error.

HERR, C. This is an action on a promissory note by W. H. Keig against J. A. Lawson and others to recover the sum of $1,800 and to foreclose a real estate mortgage on 120 acres of land situated in Seminole county given to secure the note. This note and mortgage was executed by defendants to the Conservative Loan & Trust Company and bears date of July 15, 1922; was by said loan and trust company sold, transferred. and delivered to W. W. Bennett & Company on December 1, 1922, and by said W. W. Bennett & Company, before maturity, sold, transferred, and delivered to plaintiff herein, said plaintiff paying full face value therefor. The note is a negotiable note.

It appears from the evidence that defendant Lawson, before maturity thereof. paid to the Conservative Loan & Trust Company $900 on the note. This payment is pleaded by defendant as a partial defense to this action. The trial court sustained this plea and rendered judgment in favor of plaintiff for the sum of $900 and for foreclosure of his mortgage.

Plaintiff appeals.

It is assigned as error that the judgment is not sustained by the evidence and is contrary to law. This assignment is well taken. Plaintiff is an innocent purchaser, before maturity and for value. The Conservative Loan & Trust Company, to whom this payment was made, did not have possession of the note at the time payment was made, nor was it authorized by plaintiff to make the collection. This payment was, therefore. made at the risk of the payer. Weyl v. Smith, 122 Okla. 216, 253 Pac. 982; Bale v. Wright, 120 Okla. 174, 252 Pac. 56: Winnebago State Bank v. Hall. 127 Okla. 215, 260 Pac. 497: Chase v. Commerce Trust Co., 101 Okla. 182, 224 Pac. 148; Monroe v. Kitterer, 127 Okla. 212, 260 Pac. 479.

There is absolutely no evidence tending to establish agency between plaintiff and the Conservative Loan & Trust Company.

Judgment should be reversed, and the cause remanded. with directions to enter judgment in favor of plaintiff for the entire amount sued for, together with interest, costs, and attorney's fee, and for foreclosure of his mortgage.

TEEHEE, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 21 R. C. L. p. 868; 3 R. C. L. Supp. p. 1199. See "Bills and Notes," 8 C. J. §828, p. 593, n. 24.